Cristian Andres **DURAN–CASTRO**, AKA **Christian Andres**, AKA **Christian Andres Duran**, Petitioner,

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15-71678**

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 *

Filed September 21, 2016

Anya McLean, McLean Law Firm PLC, Phoenix, AZ, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Jesse David Lorenz, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Cristian Andres Duran–Castro, a native and citizen of Mexico, petitions for review

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision finding him statutorily ineligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's determination that a petitioner knowingly engaged in drug trafficking. *Chavez–Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). We deny the petition for review.

The record of conviction regarding Duran–Castro's Arizona conviction for solicitation to commit sale or transportation of narcotic drugs for sale provided the BIA substantial evidence that there was "reason to believe" Duran–Castro had been knowingly involved in drug trafficking. *See* 8 U.S.C. § 1182(a)(2)(C)(i) (providing that an alien is inadmissible if there is "reason to believe" that he is or has been an "illicit trafficker in any controlled substance"); *Chavez–Reyes*, 741 F.3d at 3 (circumstantial evidence, coupled with the petitioner's guilty plea, supported the BIA's "reason to believe" finding). The agency therefore properly determined Duran–Castro was statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C). His contention that there are inconsistencies in the record of conviction is not supported by the record.

**PETITION FOR REVIEW DENIED.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.